UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JADA SPYRES,<br><br>        Plaintiff,<br><br>   v.<br><br>PRUCO LIFE INSURANCE COMPANY; EDUARDO ZEITER; and DOES 1 through 10,<br><br>        Defendants. | No. 2:21-cv-01147-WBS-AC<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

Plaintiff Jada Spyres ("plaintiff") brought this action against defendants Pruco Life Insurance Company ("Pruco") and Eduardo Zeiter because Pruco refused to pay plaintiff the $1 million death benefit from a life insurance policy insuring her partner Zachary Ortiz ("decedent") after he died on March 23, 2019. (See Notice of Removal, Ex. A ("Compl.") (Docket No. 1).) [1]

---

[1] On November 25, 2020, the parties filed a stipulation with the state court substituting Pruco Life Insurance Company for defendant Prudential Insurance Company of America. (See id.) Although plaintiff continues to refer to defendant Pruco as

1

1         The thrust of plaintiff's complaint is that Pruco wrongfully rescinded the life insurance policy a year and a half after decedent's death.  (See id. at ¶ 2.)  Pruco cited three purported misrepresentations that the decedent allegedly made on his life insurance application as the reason for its denial.  (See id.)  Specifically, the decedent was asked in his application for the policy whether he had ever: (1) taken cocaine, to which he answered "no"; (2) been advised to have treatment or counseling for alcohol or to reduce or eliminate its usage, to which he stated "no"; and (3) been advised to have any diagnostic procedures during the past five years, to which he stated "no."  (See id. at ¶¶ 17-24, 26-30.)

          Plaintiff alleges that Pruco neglected to undertake the investigation it was legally obligated to conduct before rescinding a life insurance policy in California, and that if Pruco had done so, it would have understood that no legal basis existed to deny the claim and terminate the policy.  (See id.)  Plaintiff further alleges that the application did not contain any material misrepresentations under California law, and that decedent never knew the true answers to the questions that allegedly constituted material misrepresentations and did not know that they would be contradicted by his medical record.  (See id. at ¶¶ 18-21.)

          The complaint also alleges that the life insurance policy was recommended and procured for decedent by Eduardo Zeiter, a financial planner and licensed insurance broker.  (See

---

Prudential, the court accepts the parties' stipulation and will refer to this defendant as Pruco.

id. at ¶ 11.) An employee of Mr. Zeiter allegedly met with the decedent, completed the application for him, and then submitted it to Pruco. (See id. at ¶ 12.) Plaintiff contends that any false answers contained in decedent's application were the result of Mr. Zeiter's negligence in procuring the policy and completing the application on decedent's behalf. (See id. at ¶ 50.)

Plaintiff brought this action against Pruco and Mr. Zeiter in Yolo County Superior Court on October 7, 2020, claiming that the actions of Pruco constituted breach of the contractual duty to pay a covered insurance claim, breach of the duty of good faith and fair dealing, and violation of California Business and Professions Code, Sections 17200, et. seq., and that Mr. Zeiter is liable for professional negligence under California state law. (See generally Compl.) On June 3, 2021, Pruco removed the action to this court, pursuant to 28 U.S.C. § 1441(b), on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). (See Notice of Removal at 1 (Docket No. 1).)[2] Plaintiff now moves to remand this action to the state court upon the ground that complete diversity of citizenship is defeated by virtue of the fact that both plaintiff and defendant Zeiter are citizens of California. (See Mot. to Remand (Docket No. 4).)

I. Legal Standard

---

[2] Pruco contends that consent to removal by Mr. Zeiter is not needed because he was fraudulently joined. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) ("Nominal, unknown, or fraudulently joined defendants are exempt from the general rule, and do not need to consent to a removal."). Nevertheless, Mr. Zeiter has stated that he does not oppose the removal. (See Decl. of Thomas Worger in Supp. of Notice of Removal ("Worger Decl.") ¶ 6 (Docket No. 1-1).)

3

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.[3]  28 U.S.C. § 1332(a).  To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). Pruco is incorporated in Arizona and has its principal place of business in New Jersey.  (See Notice of Removal at ¶ 13.) Plaintiff is a citizen of California who is domiciled in the County of Yolo, California and was so domiciled at the time of filing the complaint.  (See id. at ¶ 12.)  Defendant Zeiter is a citizen of California working as an insurance broker licensed in California to sell life insurance.  (See Compl. at ¶ 6.)[4]

---

[3] The parties do not dispute that the amount in controversy exceeds $75,000 exclusive of interest and costs. (See Notice of Removal at ¶ 31–33; Compl. p. 12. ¶ a (seeking the death benefit due under the life insurance policy, which is $1,000,000, plus interest).)

[4] For the purposes of determining diversity for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. §

4

II.  Fraudulent Joinder

Pruco argues that Zeiter was fraudulently joined as a defendant and that there is therefore complete diversity between plaintiff and Pruco.  (See Notice of Removal at ¶ 16.)  Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, where "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant."  Padilla v. AT& T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); see also Macey v. Allstate Prop. and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (remand is permissible only where "there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants").

While the test for fraudulent joinder resembles an analysis under Federal Rule of Civil Procedure 12(b)(6) in that the court "accepts non-conclusory factual allegation in the complaint as true and does not consider the merits of the defenses (other than procedural bars) claimed by the resident defendant, the [c]ourt's inquiry is broader than under Rule 12(b)(6)."  TPS Utilicom Servs. Inc., v. AT & T Corp., 223 F. Supp. 3d 1089, 1102 (C.D. Cal. 2002).  "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."  Id.  When determining whether joinder is fraudulent, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of

---

1441(b)(1).

5

joinder by any means available." Maffei v. Allstate Cal. Ins. Co., 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (Burrell, J.).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). In determining whether a defendant was joined fraudulently, the court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Id. (internal citations omitted). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." See Padilla, 697 F. Supp. 2d at 1159. Fraudulent joinder will be found when supported by "clear and convincing evidence." Walker v. Aetna Health & Life Ins. Co., Case No. 1:21-cv-00156-AWI-BAM, 2021 WL 2661449, *5 (E.D. Cal. June 29, 2021).

Plaintiff's sole cause of action against defendant Zeiter in the complaint is for "Professional Negligence". (See Compl. at ¶¶ 49-56.) The elements of a cause of action for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the result injury; and (4) actual loss or damages resulting from the professional negligence. See Loube v. Loube, 64 Cal. App. 4th 421, 429 (1st Dist. 1998). "[I]t is not enough to show that the defendant breached a duty owed to the client; the client also

must demonstrate that the breach of that duty caused actual loss or damages." Id. at 425.

In California, an insurance broker owes a duty of care in procuring the coverage requested by the client. See Fitzpatrick v. Hayes, 57 Cal. App. 4th 916, 922 (1st Dist. 1997). Ordinarily, an insurance agent assumes only those duties found in any agency relationship such as "reasonable care, diligence, and judgment in procuring the insurance requested by the insured." Paper Savers, Inc. v. Nacsa, 51 Cal. App. 4th 1090, 1095-96 (2d Dist. 1996). However, a special duty may be created by express agreement or by the agent holding himself out to be more than an "ordinary agent." See id. (internal citations omitted). An insurance broker may breach a professional duty if he adds a misrepresentation to an application without the knowledge of the applicant. See Quiroz v. Valley Forge Ins. Co., No. C 05-2025 SBA, 2005 WL 1806366, at *7 (N.D. Cal. July 28, 2005) (broker omitted information in final application without applicant's knowledge); Isch v. Nw. Mut. Life. Ins. Co., No. C-99-5257 WHO, 2000 WL 274193, at *3 (N.D. Cal. Mar. 6, 2000) (plaintiff stated a claim by alleging that broker had applicant sign application without being offered the chance to review contents).

District courts within California have also held that plaintiffs may be able to state a claim for professional negligence where a broker affirmatively advises an applicant to omit certain information. See Hudgens v. N.Y. Life Ins. Co., No. CV 08-08550-MMMR (RCx), 2009 WL 782312, at *4 (C.D. Cal. Mar. 17, 2009). However, "an insurer does not have the duty to investigate the insured's statements made in an insurance

application and to verify the accuracy of the representations" because "it is the insured's duty to divulge fully all he or she knows."  Hartford Cas. Ins. Co. v. Fireman's Fund Ins. Co., 220 F. Supp. 3d 1008, 1019 (N.D. Cal. 2016) (citing Am. Way Cellular, Inc. v. Travelers Prop. Cas. Co. of Am., 216 Cal. App. 4th 1040, 1051 (2d Dist. 2013)).

     Under the allegations of plaintiff's complaint as it stands, it does not appear that the element of breach of duty is adequately alleged in plaintiff's her professional negligence claim against Zeiter.  The complaint alleges that the decedent did not know the truth of the answers given in the policy application that constituted allegedly material misrepresentations.  (See Compl. at ¶¶ 19-21.)  Thus, it does not appear how anything Zeiter or his staff could have advised or explained to him would have prevented decedent from making the allegedly false statements.

     Nor does the complaint contain any allegation that Zeiter added a misrepresentation to the decedent's application without his knowledge or affirmatively advised him to omit certain information.  Indeed, Zeiter testified in his deposition that he never instructed any applicant or his coworkers to answer applications untruthfully, and he would not submit an application to an insurer if he knew the answer to any question to be false.  (See Decl. of Laura L. Geist in Opp'n to Mot. to Remand, Ex. A at 88:2-89:10 ("Geist Decl.") (Docket No. 7-2).)  The decedent was given multiple opportunities to provide correct answers in his application.  (See Opp'n to Mot. to Remand at 11 (Docket No. 7).)  The decedent reviewed the application on the phone with a third

party examiner and gave the same answers (see Geist Decl. at Ex. C), and signed the application stating that the statements in the application were complete, true, and correctly recorded.  (See Compl. at Ex. B.)

Nevertheless, the court cannot say at this stage of the proceedings that there is no set of facts consistent with the complaint under which Zeiter could be held liable for professional negligence.  While not alleged in the complaint, plaintiff now claims that Zeiter or his staff told the decedent "not to stress too much" if he could not recall his medical history and/or the answers to the questions on his application, because Pruco would request his medical records and verify the information during the application process.

If plaintiff were allowed to amend her complaint to allege that Zeiter or his staff affirmatively dissuaded the decedent from looking further into his own medical history, through this or similar statements, plaintiff could conceivably state a claim against Zeiter.  While it is true that Zeiter had no "duty to investigate" whether decedent was concealing or forgetting material information, see Hartford Cas., 220 F. Supp. 3d at 1019, encouraging an applicant to provide answers that the applicant does not know to be true potentially could constitute a breach of Zeiter's duty to the decedent.

Similarly, while the operative complaint may not adequately allege that Zeiter's purported negligence caused plaintiff's injury, the court cannot say that there is no set of facts consistent with the complaint which does properly allege causation.  Given the complaint's allegation that the decedent

did not know about the information he omitted from his application such as past cocaine use, it seems unlikely that anything different would have happened if Zeiter or his employees had given decedent further or stronger admonishments, but it is conceivable that had such admonitions been given, or if Zeiter or his staff had not told the decedent not to worry about his answers, the decedent would have requested his medical records before completing the application, would have asked his medical providers about these questions, or would have asked Pruco or Zeiter to request the records for him before answering no to the three questions at issue in this case.  Such scenario is not inconsistent with the allegations of the complaint that Zeiter "failed to properly . . . explain the application and adequately advise what information might or might not be material to Prudential."  (See Compl. ¶ 54.)

Because it appears that plaintiff could amend her complaint to state a claim against Zeiter, defendants have not met their burden of showing that he was fraudulently joined. Accordingly, Zeiter's California citizenship destroys the complete diversity required for diversity jurisdiction, see Walker, 2021 WL 2661449, at *7, and the court will grant the motion to remand.[5]

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Docket No. 4), be, and the same hereby is, GRANTED.  This case is REMANDED to the Superior Court of California, in and for

---

[5] Because the court finds that defendant Zeiter was not fraudulently joined, the court does not address plaintiff's contention that the removal was untimely or that Zeiter's joinder was compulsory under California law.

the County of Yolo.  The Clerk of this Court shall forward a copy of this Order to the Clerk of the Superior Court of California, in and for the County of Yolo.

Dated:  September 13, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE